UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

FILED
JAN 15 2020
U.S. CLERK'S OFFICE
EVANSVILLE, INDIANA

FITOLAY DEMESMIN
Plaintiff

3:19-CV-00228-RLY-MPB

VS.
AARON MCCORMICK, EPD
THE CITY OF EVANSVILLE
ANNA GRAY, EPD
J. LOWE, EPD
J.L. LEWIS, EPD
W.K. HUNT, EPD Supervisor
R.T. LINCOLN, EPD
B.M. KEEN, EPD
J.C. MONTANK, EPD

## "AMENDED COMPLAINT"/"SUMMARY JUDGMENT"

Comes Now, the Plaintiff, Fitolay Demesmin, pro se, and under reserve files this Amended Complaint pursuant to 42 U.S.C. §1983. The Plaintiff states as follows: This is also a Summary Judgment.

1). The Defendant's listed above violated the Plaintiff's rights vested upon him by the United States Constitution and Article 1, Section 11

of the Constitution of the State of Indiana.

2). Anna Gray, works for the city of Evansville, for the branch known as Evansville Police Department. Anna Gray was at the relevant time herein an employee on May 24, 2019 and present when the violation of the Plaintiff's constitutional rights were violated. Anna Gray participated in the arrest of the Plaintiff on May 24, 2019. The actions of all the officers that participated in the arrest of the Plaintiff, and in the violation of the Plaintiff's Constitutional rights, was done by the above mentioned Defendants as a collective unit of the Evansville Police Department, a branch of the City of Evansville. Such actions constitute 'color of law'.

3). Aaron McCormick; J. Lowe; J.L. Lewis; R.T. Lincoln, and B.M. Keen, are employees for the city of Evansville, for the branch known as Evansville Police Department. The Defendants was at the relevant time herein an employee on May 24, 2019 and operated as a collective unit in violating the Plaintiff's Constitutional rights. The Defendants actions were done under the 'color of law', while wearing uniforms and under the employment of the Evansville Police Department.

4). W.K. Hunt, Supervisor employed with the Evansville Police Department, a branch of the City of Evansville,

Officer W.K. Hunt supervised the actions of the Officers, the defendants, listed above on May 24, 2019. As the supervisor on duty at the time the officers collectively violated the Plaintiff's Constitutional rights, Officer W.K. Hunt is herein held responsible for such violations as well. Officer W.K. Hunt was present on scene when the violations occurred and did not stop the officers. Officer W.K. Hunt collectively violated the Plaintiff's Constitutional rights. All the actions of May 24, 2019 were done collectively by the officers as a unit.

5). A claim for bystander liability may be stated against an officer who did not personally act against the plaintiff. <u>Whitley v. Hanna</u>, 726 F.3d 631, 646 (5th Cir. 2013)

6). Officer J.C. Montank entered the home of the plaintiff in violation of a Constitutional Right against unreasonable Seizure under the 4th Amendment to the United States Constitution, and Article 1, Section 11, of the Constitution of the State of Indiana.

7). The defendants entered the plaintiff's home without probable cause nor a warrant.

8). In <u>Payton v. New York</u>, 445 U.S. 573, 585-90, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), the Court held an Officer "may not constitutionally enter a home without a warrant to effectuate an arrest, absent consent or exigent circumstances." As the Supreme Court noted, "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." <u>United States v. United States Dist. Court</u>, 407 U.S. 297, 313, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972). It is well established that law enforcement may not conduct a warrantless entry into a home unless one of the "specifically established and well-delineated exceptions" applies. <u>Mincey v. Arizona</u>, 437 U.S. 385, 390, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978). Warrantless entry into a home is per se unreasonable under the Fourth Amendment, which is mirrored in Article 1, Section 11 of the Constitution of the State of Indiana. The Officers violated the Plaintiff's Fourth Amendment "right to be free from physical intrusion into the home by police officers without a warrant seeking to

effectuate an arrest or to conduct an investigation. Sparing v. V.ll. of Olympia Fields, 266 F.3d 684, 688 (7th Cir 2001). This right was clearly established by the Seventh Circuit in United States v. Berkowitz, 927 F.2d 1376 (7th Cir. 1991). In Berkowitz, law enforcement had probable cause to arrest the defendant for stealing government property. Id at 1378, 1380. Internal Revenue Service agents knocked on the defendant's door, and he opened the door to answer. Id. at 1380. The Seventh Circuit concluded that "Answering a knock at the door is not an invitation to come in the house." Id. See Sparing, 266 F.3d at 690 (same). See also Kentucky v. King, 563 U.S. 452, 470, 131 S.ct. 1849, 179 L.Ed. 2d 865 (2011). The plaintiff was asleep when the officers entered the home unlawfully without consent nor exigent circumstances.

9). On May 24, 2019, Officers, Aaron McCormick, J. Lowe, J.L. Lewis, W.K. Hunt, R.T. Lincoln, B.M. Keen, and J.C. Montank, along with detective Anna Gray, officials of Evansville Police Department, all of whom was employed by the City of Evansville on the relevent day mentioned above willfully and wantonly deprived the Plaintiff

of his Constitutional rights against unreasonable seizure, when officers, while conducting a knock-and-talk, performed act of unlawful warrantless entry without consent of occupants.

(10). The license granted by the knock-and-talk rule is the same license granted to an unknown visitor; it "typically permits the visitor to approach the home by the front path, knock promptly, wait briefly to be received, and then (absent invitation to linger longer) leave." Morgan v. Fairfield County, Ohio, 903 F.3d 553 (6th Cir. 2018); State v. Marrero, 789 S.E.2d 560 (N.C. Ct. App. 2016) (A "knock-and-talk" is a procedure by which police officers approach a residence and knock on the door to question the occupants, often in an attempt to gain consent to search when no probable cause exists to obtain a warrant.).

(11). The officers [defendants] violated this license when they continued to knock on the door of the home for several minutes in violation of U.S. v. Jerez, 108 F.3d 684 (1997). The Seventh Circuit's decision provides guidance for this case. Jerez

involved a night time encounter at a motel. Police knocked on the door of the motel room for three minutes. They knocked on the window for an additional one and one-half minutes, all without producing an answer from its occupants. The Police then shone a flashlight through a small opening in window drapes onto one of the occupants as he lay on a bed, and commanded "Police, open the door." The court concluded that, based on the totality of circumstances surrounding the encounter, the motel occupants were seized. The court further found that when the occupant opened the door, he submitted to the officers' show of authority. Id. at 692.

(12). The Plaintiff in this case was asleep when the officers arrived to 527 covert Ave residence. All the occupants in the home were asleep. When the officers came to conduct their knock-and-talk. The officers knocked for several minutes while demanding that someone open the door because the "Police department" was outside. The officers continued knocking and demanding entry until one of the occupants got up to answer the door. "Once the officers had been refused admittance, their continued

efforts to rouse the occupants out of bed certainly prevented them from ignoring the continued requests and from maintaining the privacy and solitude of their dwelling. The deputies' persistence, in the face of the refusal to admit, transformed what began as an attempt to engage in a consensual encounter into an investigatory stop." Jerez, 108 F.3d at 691-92. The law enforcement officers refused to take "no" for an answer and a "reasonable person in [the plaintiffs'] situation could conclude only that the deputies would not leave unless the door was opened." Id. at 692-93.

(13). Once one of the occupants came to the door. Officers are heard, via officers' bodycam, telling one of the occupants to come outside. Officers are heard saying they only wanted to ask her some questions. The occupant came outside. Officers are then heard asking for the Plaintiff. The female occupant stated that he was asleep. When officers asked what part of the house was the Plaintiff asleep in, the female occupant stopped answering their questions. An officer is seen then opening the door and stating

that he sees someone asleep on the couch. To that effect, numerous officers ran into the home without asking for consent. Once officers awoke the Plaintiff, officers are heard, via Officers' bodycam, that they are with Evansville Police Department, and that they wanted to ask the Plaintiff some questions. The Plaintiff was handcuffed, patted-down, placed in a patrol car, and transported to the police station without even being asked if he would accompany them.

(14). On October 7, 2019, state Attorney, Kevin McDaniel conceded that the officers committed an unlawful act of warrantless entry without occupants consent. Because of the show of authority by the officers, the occupants' rights were violated before the door to the home was opened.

(15). Preference for categorical treatment of Fourth Amendment claims gives way to individualized review when colorable argument that arrest with or without warrant, was conducted in extraordinary manner, unusually harmful to privacy or even physical interests.

(16). Violation of statute prohibiting deprivation of rights under color of law is specific-intent crime, 18 U.S.C.A § 242.

(17). Officers bodycam video, and police reports all provide independent bases for the prosecution of willful deprivation of constitutional rights by officers accused.

(18). An officer violates section 242 when he acts with "a specific intent to deprive a person" of constitutional rights or with "open defiance or in reckless disregard of a constitutional requirement." See United States v. Aldo Brown, 871 F.3d 532, 538 (7th Cir. 2017).

(19). The Model Penal Code § 2.02(8) states that willfulness is met "if a person acts knowingly with respect to the material elements of the offense."

The defendants in this case entered a home without consent in violation of the Fourth Amendment to the United States Constitution and Article 1, Section 11, of the constitution of the State of Indiana. The officers' actions also constitute a violation of state statutory laws. On May 24, 2019, the defendants, under color of law, committed the crimes of

residential entry, a level six (6) offense in violation of IC code 35-43-2-1-25 when they entered the residence of 527 Covert Avenue without occupants consent, without warrant, and without exigent circumstances. Being that the officers were armed at the time of the crime, the officers are also guilty of committing the crime of Armed burglary, a level 2 offense in violation of IC code 35-43-2-1(a) which is an enhanced penalty. The officers are also guilty of committing the offense of Armed kidnapping, a level 2 offense in violation of IC code 35-42-3-2(2).

(20). Based on the above mentioned facts, there is more than enough proof on the record that the representatives of Evansville Police Department are in violation of 18 U.S.C.A. § 242: Willful deprivation of constitutional rights. This honorable court has been made aware of this fact by the filing of this motion.

(21). The Defendant seeks compensatory and punitive damages in the amount of 5.8 million dollars. Punitive damages may be awarded to deter or punish deprivation of rights.

(22). The Plaintiff's rights has been established through the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the State of Indiana's Constitution which mirrors each other. The Plaintiff's constitutional rights was clearly established as of the time of the violation. The state of the law at the time gave the officers 'fair warning' that such conduct was unlawful in the situation they confronted; a reasonable officer would have understood that entering a home without a warrant, without any exigent circumstances, nor any consent from the occupants, violates the constitutional rights of all in the home, and violates state law.

Summary Judgment should be granted in favor of the Plaintiff.

(23). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

Respectfully Submitted,

1/12/2020

*[signature]* pro se